

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,003

### EX PARTE EDWARD E. GRAF, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 87-1041-C IN THE 54ᵀᴴ DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction. *Graf v. State*, 807 S.W.2d 762, 763 (Tex. App.—Waco 1990).

Applicant contends that the false testimony of arson investigators violated his right to due process and that he is actually innocent. The State agrees that he is entitled to relief on his due process claim, but contests the actual innocence ground.

The trial court held a hearing and has made findings of fact and conclusions of law. The trial

court determined that applications of scientific principles to fire investigation have advanced since the time of applicant's trial. As a result, the trial court concluded that critical aspects of expert testimony concerning the cause of the fire in this case have since been disproven, and this false testimony violated Applicant's due process rights. The trial court also found that Applicant has not proven his actual innocence by clear and convincing evidence. We agree with the trial court's recommendations as to both issues. False expert testimony at Applicant's trial violated his due process rights. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Ex parte Chabot*, 300 S.W.3d 768, 771–72 (Tex. Crim. App. 2009). Relief is granted. The judgment in Cause No. 87-1041-C in the 54th District Court of McLennan County is set aside, and Applicant is remanded to the custody of the Sheriff of McLennan County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered:  March 27, 2013
Do not publish